J-A05021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: G.A.C., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.C., FATHER | : : : : : : | |
| | : | No. 1248 MDA 2021 |

Appeal from the Decree Entered August 25, 2021,
in the Court of Common Pleas of York County,
Orphans' Court at No(s): 2021-0004A.

| | | |
|---|---|---|
| IN RE: H.H.C., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.C., FATHER | : : : : : : | |
| | : | No. 1249 MDA 2021 |

Appeal from the Decree Entered August 25, 2021,
in the Court of Common Pleas of York County,
Orphans' Court at No(s): 2021-0005a.

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 2, 2022**

In this consolidated matter, Appellant J.C. (Father) appeals from the respective decrees involuntarily terminating his rights to 6-year-old daughter G.A.C. and 5-year-old son H.H.C. (collectively, the Children), pursuant to the

---

[*] Former Justice specially assigned to the Superior Court.

Adoption Act. **See** 23 Pa.C.S.A. § 2511(a)(1), (5), (8), and (b). The petition to terminate Father's rights was brought by K.S. (Mother) and S.S. (Stepfather). After careful review, we conclude Father waived his challenges to the decrees, and we affirm.

Given our disposition, we summarize the relevant factual and procedural history as follows: Mother and Father married in 2012 and they had the two subject Children. In March 2017, Mother became concerned that Father sexually abused their then-2½-years-old daughter, G.A.C. The apparent disclosure occurred while Mother and G.A.C. were visiting the Maternal Grandmother's home. G.A.C. had become upset while talking about a game. Mother and Maternal Grandmother asked the Child about the game, and G.A.C. pantomimed male masturbation. Mother tried to ask more questions, but G.A.C. became embarrassed and would not answer.

Mother then questioned whether G.A.C.'s previous behavior was a result of sexual abuse. A few weeks earlier, G.A.C. had screamed out in her sleep, "don't touch my bum." When Mother asked the Child who touched her bum, she indicated that Father does. The Child had also become violent when playing with her cousins. G.A.C. also regressed in her potty training. Mother and the Children subsequently moved in with the Maternal Grandparents, and Father left the marital residence.

After the separation, Father exercised his custody irregularly. Father would see the Children as much as an hour twice per week, but sometimes he would not see the Children for weeks. Meanwhile, Mother put G.A.C. in

counseling, after G.A.C. displayed further acts of aggression, anxiety, and began acting out sexually.

Mother filed a custody complaint in October 2018, and Father received interim supervised physical custody. The Child had done well in therapy, but regressed after Father received interim custody, at which point the therapy resumed. In March 2019, after the final custody hearing, the trial court awarded Mother sole physical and legal custody, but directed Father to petition for modification if he participated in the G.A.C.'s trauma therapy. Father appealed, and this Court vacated the custody order and remanded the case back to the trial court for its failure to consider all the custody factors under 23 Pa.C.S.A. § 5328(a).[1] After remand, the court considered all the relevant factors and reinstituted its order on October 28, 2019. Father filed another appeal (docket at 1922 MDA 2019), but we dismissed that appeal for Father's failure to submit a brief. **See** Per Curiam Order, dated 2/07/20.[2] Father has had no contact with the Children since March 2019.

Father filed a petition to modify custody in October 2020. At the ensuing conciliation, Father was notified that Mother and Stepfather intended to file a petition to involuntarily terminate his rights. The orphans' court held a hearing on the petitions on May 6 and August 24, 2021.

---

[1] **See K.A.C. v. J.W.C.**, 637 MDA 2019, 2019 WL 5491365 (Pa. Super. 2019) (non-precedential decision).

[2] At the termination hearing, Father explained that his brief was never filed because, unbeknownst to him, his attorney died during the pendency of the appellate litigation.

At the termination hearing, Mother claimed Father essentially admitted to abusing G.A.C., when he told Mother that "he had spoken with demons while he was in Montana, and they were the ones responsible for abusing [G.A.C.]." *See* N.T., 5/6/21 (Day 1) at 58. She also alleged that Father had done nothing for the Children since losing custody – specifically, that he had not engaged in trauma therapy with G.A.C. to resume custody, per the operating custody order. She explained that Father only paid child support after it was apparent that she sought to terminate Father's rights.

Father's position was that he did all he could for the Children, while being deprived of custody. He noted that he bought gifts for the Children and prepared bedrooms for them for when he resumed custody. He argued that the delay in child support payments was due to the backlog of unemployment claims during the Covid-19 pandemic. Father also denied the abuse ever occurred. He noted that the York County District Attorney's Office declined to pursue criminal charges, and the York County Office of Children and Youth Services determined that the allegations were unfounded.

As to why Father never engaged in G.A.C.'s therapy, Father claimed that he was unaware that he could do so, because his former attorney never provided him with the custody order. He also argued that that he did not realize his appeal from the custody order had been denied, until he called his attorney's office and discovered that his attorney had died.

The orphans' court was not persuaded by Father's testimony, and it ultimately terminated his rights. The court stated its reasons on the record.

*See generally* N.T., 8/26/21 (Day 2) at 252-264. First, the court denied Mother's request for termination under Section 2511(a)(2) and Section 2511(a)(10).[3] The court then analyzed the three remaining grounds Mother alleged under Section 2511(a). Regarding Section 2511(a)(1), the court concluded that Father did ***not*** evince a settled purpose to relinquish his parental claim, but that he refused or failed to perform his parental duties. The court determined that Father only paid child support and prepared to resume custody ***after*** he received notice of the termination petition.

_____

[3] These sections provide:

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> > (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
> >
> > [***]
> >
> > (10) The parent has been found by a court of competent jurisdiction to have committed sexual abuse against the child or another child of the parent based on a judicial adjudication as set forth in paragraph (1)(i), (ii), (iii) or (iv) or (4) of the definition of "founded report" in section 6303(a) (relating to definitions) where the judicial adjudication is based on a finding of "sexual abuse or exploitation" as defined in section 6303(a).

23 Pa.C.S.A. § 2511(a)(2), (10).

Regarding Section 2511(a)(5) and (a)(8), the orphans' court observed, as a threshold matter, that the Children had been "removed from the care of the parent" by virtue of the custody order awarding Mother sole custody. ***See id.*** at 257; ***see also*** 23 Pa.C.S.A. § 2511(a)(5), (a)(8). The orphans' court also noted the custody court's prior finding of abuse, but indicated that its larger concern was Father's refusal to take the necessary steps – *i.e.*, participate in trauma therapy – to resume custody. The court determined further that Father's refusal to parent or remedy the conditions that led to Mother's sole custody award applied equally to his son H.H.C., not just to his daughter G.A.C.

Regarding Section 2511(b), the court found that the Children have not had contact with Father for 29 months, that termination would best serve the Children's needs and welfare, and that termination would not adversely affect the Children. Thus, the orphans' court granted the termination petitions under Section 2511(a)(1), (a)(5), (a)(8) and (b).

Father filed timely notices of appeal. He presents the following issues for our review:

> A. Whether the [orphans'] court erred as a matter of law and/or abused its discretion by terminating Father's rights under [Section] 2511(a)(1) where Father had satisfied all parental duties he could satisfy after being granted no legal or physical custody rights, and not having knowledge that he could participate in trauma therapy due to [his prior] deceased lawyer never providing him with custody orders giving him the right to participate in trauma therapy?

B. Whether Father was denied due process by not being provided with notice of custody orders from his deceased lawyer who also failed to file a brief on his custody appeal that he could participate in trauma counseling with his [daughter G.A.C.] and that was the contributing factor leading to his parental rights being terminated under Section 2511(a)(1), (a)(5) and (a)(8).

C. Whether Father's rights to [son] H.H.C. were wrongfully terminated since the court only terminated his parental rights to H.H.C. because it terminated Father's rights to G.A.C. which occurred because he failed to participate in trauma counseling in a reasonable period of time where Father was never made aware of having that right due to his lawyer passing away and not sharing said information with Father?

Father's Brief at 5-6 (capitalization adjusted).

We begin with the termination question, mindful of our well-settled standard of review of such cases:

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to section 2511(b): determination of the needs and welfare of the child[.]

*In re C.M.K.,* 203 A.3d 258, 261-262 (Pa. Super. 2019) (citation omitted).

It is well-settled that we may affirm the orphans' court decision under any one subsection of Section 2511(a) in conjunction with Section 2511(b). *See, e.g., In re Z.P.*, 994 A.2d 1108, 1117 (Pa. Super. 2010).

Instantly, the orphans' court terminated Father's rights under Section 2511(a)(1), (5), (8) and (b), which provide:

> **(a) General rule**.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
>
> […]
>
> (5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of

time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

[...]

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

[...]

**(b) Other considerations**.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1), (5), (8) and (b).

Before we reach the merits of Father's appeal, we note that Father's statement of questions involved differs from his respective concise statement of errors complained on appeal. This discrepancy has led to calls of waiver from not only the Appellees (Mother and Stepfather, and the Children through their counsel), but also the orphans' court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on

appeal."). Thus, we must first identify whether Father has abandoned or waived any issues.

In his concise statement, Father claimed he was only served with the petition concerning his daughter G.A.C., but not with a petition regarding his son H.H.C. He argued that the failure to receive proper notice constituted a violation of his right to due process. *See* Father's Concise Statement, 1249 MDA 2021, at ¶7 and Father's Concise Statement 1248, at ¶2. But on appeal, Father has abandoned this issue. Similarly, Father raised several challenges to the court's evidentiary rulings as they relate to the custody court's prior finding of abuse. *See* Father's Concise Statement, 1249 MDA 2021, at ¶¶2-5. Father has abandoned these issues as well.

We turn now to whether Father waived any issues. After review, we conclude Father has ultimately waived his challenges to the termination decrees. We reiterate that the orphans' court terminated Father's rights as to both Children under Sections 2511(a)(1), (a)(5), (a)(8), and (b). Critically, Father does not challenge the court's determination under Section 2511(a)(8). *See* Father's Brief at 5; *c.f.* Father's Concise Statement, 1249 MDA 2021, at ¶¶1-7 and Father's Concise Statement 1248, at ¶¶1-3. And nowhere – in either Father's concise statement or in his statement of questions involved – does Father challenge the court's determinations under Section 2511(b), the second prong of the bifurcated termination analysis. ***See In re C.M.K.,*** 203 A.3d 258 at 261-62.

Again, we observe that we may affirm a termination decree under any one subsection of Section 2511(a) in conjunction with Section 2511(b). **Z.P.**, 994 A.2d at 1117. Thus, Father's failure to raise Section 2511(a)(8) and (b) means Father has effectively waived his entire appeal as to both Children.[4] Because we may affirm the decrees under these sections, Father's remaining issues are moot. **See In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").[5]

_____

[4] We question whether – as was the case here – a custody order awarding sole custody to one parent constitutes the court's "removal" of that child from the other parent's care, pursuant to Section 2511(a)(5) and (a)(8). Ultimately, we may not address this question. Not only did Father waive his challenge under Section 2511(a)(8), but he failed to make such an argument under Section 2511(a)(5). "Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue _sua sponte_." **Berry v. Berry**, 197 A.3d 788, 795 (Pa. Super. 2018) (citations omitted). "Parties may waive rights, even due process rights and other rights of constitutional magnitude." **Id.** (citations omitted).

[5] Even if we were to conclude that Father's failure to preserve Section 2511(a)(8) had no bearing on his appeal of H.H.C.'s case, we would still find that Father waived such a challenge. To explain, in Father's third appellate issue, Father argues the orphans' court erred when it terminated his rights to H.H.C., because the court's only basis for doing so was the termination of his rights to G.A.C. However, it is well-established that the failure to develop an argument with citation to, and analysis of, pertinent authority results in waiver of that issue on appeal. **See** Pa.R.A.P. 2119(b); **see also C.H.L. v. D.H.L.**, 214 A.3d 1272, 1276 (Pa. Super. 2019). Here, Father's argument on this point consists of three sentences with no citation to relevant authorities. Thus, notwithstanding Father's failure to raise a challenge under Section 2511(a)(8), we would conclude that Father failure to develop an argument has impeded our review, and thus we would find the issue waived.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/02/2022